IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER SESSION, 1997

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JERRY W. BURTON, | ) | C.C.A. NO. 03C01-9704-CR-00122 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | JOHNSON COUNTY |
| VS. | ) | |
| | ) | HON. LYNN BROWN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF JOHNSON COUNTY

FOR THE APPELLANT:

JERRY W. BURTON
Pro Se

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

DAVID CROCKETT
District Attorney General
Route 19, Box 99
Johnson City, 37601

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID H. WELLES, JUDGE

# <u>ORDER</u>

The Appellant appeals as of right from the trial court's dismissal of his <u>pro se</u> petition for Writ of Habeas Corpus.  It appears from the petition and exhibits filed therewith that the Appellant was convicted of criminal sexual conduct in the first degree, assault with intent to commit murder, kidnapping and armed robbery and sentenced to life imprisonment plus twenty-four years in 1979.  On August 30, 1996, the Appellant filed the instant habeas corpus petition alleging that his judgments of conviction were void because the indictment failed to adequately allege the culpable mental state required of each offense charged.  The trial court dismissed the petition.  We conclude that the Appellant is not entitled to habeas corpus relief and we therefore affirm the trial court's order of dismissal.

In support of his petition and argument, the Appellant relies primarily upon the decision of this Court in <u>State v. Roger Dale Hill</u>, C.C.A. No. 01C01-9508-CC-00267, Wayne County, (Tenn. Crim. App., Nashville, June 20, 1996).  We first note that this Court's decision in <u>Hill</u> was based upon an interpretation of our new criminal code, and this code is applicable only to offenses occurring after November 1, 1989.  Secondly, our supreme court has reversed this Court's decision in <u>Hill</u>.  <u>See</u> <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997).

In the case <u>sub judice</u>, we have examined the language of the challenged indictment and we conclude that the indictment adequately alleged the criminal offenses charged and sufficiently informed the Appellant of the charges against him such that the convicting court had jurisdiction.  We see no reason for further

discussion or analysis. The Appellant's convictions are not void. See Charles Edward Orren v. State, C.C.A. No. 03C01-9704-CR-00141, Johnson County (Tenn. Crim. App., Knoxville, Feb. 13, 1998); George F. Jones, Jr. v. State, C.C.A. No. 03C01-9702-CR-00062, Johnson County (Tenn. Crim. App., Knoxville, Feb. 3, 1998); Randy Blaine Knight v. Carlton, Warden, C.C.A. No. 03C01-9705-CR-00162, Johnson County (Tenn. Crim. App., Knoxville, Jan. 26, 1998); Perry C. Riley v. State, C.C.A. No. 03C01-9705-CR-00181, Morgan County (Tenn. Crim. App., Knoxville, Jan. 23, 1998); Roy A. Burch v. State, C.C.A. No. 03C01-9610-CR-00391, Johnson County, (Tenn. Crim. App., Knoxville, Jan. 16, 1998); State v. Darel G. Bolin, C.C.A. No. 03C01-9212-CR-00450, Cumberland County (Tenn. Crim. App., Knoxville, Jan. 15, 1998); Joseph Ronald Duclos v. State, C.C.A. No. 03C01-9705-CR-00182, Morgan County (Tenn. Crim. App., Knoxville, Jan. 16, 1998);State v. Rogers L. McKinley, C.C.A. No. 03C01-9612-CR-00455, Bledsoe County; (Tenn. Crim. App., Knoxville, Jan. 6, 1998); Timothy Wayne Johnson v. Bowlen, Warden, C.C.A. No. 03C01-9611-CR-00443, Bledsoe County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Darryl Douglas Sheets v. State, C.C.A. No. 03C01-9701-CR-00031, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Jerry Cox v. State,C.C.A. No. 03C01-9610-CR-00392, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Bruce Belk v. State, C.C.A. No. 03C01-9703-CR-00109, Morgan County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Abel Rodriguez, Jr. v. State,C.C.A. No. 03C01-9612-CR-00463, Greene County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Donald Wayne Holt v. State, C.C.A. No. 03C01-9702-CR-00059, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997; Gene Hibbard v. State, C.C.A. No. 03C01-9702-CR-00077, Knox County (Tenn. Crim. App., Knoxville, Dec. 23, 1997).

We conclude that no error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE